UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN L. COX, <br><br> Plaintiff, <br><br> v. <br><br> ROGER COOK, MARK MUNSEN, KATHLEEN SAXTON, SCOTT WILCOX, ELDON VAIL, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, STATE OF WASHINGTON, <br><br> Defendant. | No. C13-5575 RBL/KLS <br><br> **REPORT AND RECOMMENDATION** <br> **Noted for:  October 4, 2013** |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff failed to pay the filing fee of $400.00 or to submit an application to proceed *in forma pauperis* (IFP).  The undersigned recommends that this matter dismissed without prejudice.

**BACKGROUND**

On July 15, 2013, Plaintiff filed a proposed civil rights complaint.  ECF No. 1.  He did not pay the Court's filing fee or submit an application for leave to proceed *in forma pauperis* (IFP).  *Id.*  On July 15, 2013, the Clerk advised Plaintiff that he must either submit the full $400.00 filing fee or submit an IFP application.  ECF No. 2.  On July 26, 2013, Plaintiff requested that the Clerk clarify the amount of the filing fee and questioned its applicability to this case because he had previously paid a filing fee in Case No. C04-5556 FDB, which was

REPORT AND RECOMMENDATION - 1

dismissed without prejudice.  ECF No. 3.  On August 2, 2013, the Clerk advised Plaintiff as follows:

> • 3:04-cv-05556 FDB was an action initiated in 2004 and dismissed in 2005, without prejudice for failure to prosecute pursuant to Local Rule CR 41(b)(2). The Clerk was directed to terminate the case, as such it is closed.
>
> • On July 15, 2013, some nine years later, you filed a new 1983 Complaint for Damages with five (5) sets of service copies attached, no case number, and signed and dated it on July 8, 2013.  Because the Court considers it a new action, the case was assigned case number: 3:13-cv-05575 RBL-KLS.  Because it is considered a new action, you must re-file for IFP approval or submit the filing fee.
>
> • Under the 1996 amendments to the federal in forma pauperis statute, as a prisoner, you will be required to pay a federal filing fee.  The filing fee for a civil action is $350.00 and for an appeal is $455.00.  In addition to the filing fee, ***there is a $50.00 administrative fee, for a total of $400.00 for a civil action.***
>
> • If you are granted in forma pauperis status, you will have to pay the filing fee over time, but you will **NOT** have to pay the administrative fee.  If you have the money to pay the filing fee, or are denied in forma pauperis status, you **WILL** have to pay the full filing fee plus the administrative fee.
>
> • For future reference, if you would like the Court take action or do something, such as rule in your favor or extend a deadline, you must file a motion requesting that relief.

ECF No. 4.

On August 20, 2013, the Court ordered Plaintiff to pay the $400.00 filing fee or submit an IFP application for Court approval on or before September 6, 2013.  ECF No. 5.  To date, Plaintiff has neither submitted an IFP application, paid the filing fee nor responded to the Court's Order in any way.

## DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  However, the court has broad

REPORT AND RECOMMENDATION - 2

discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson,* 314 F.2d 598 (9th Cir.1963), cert. denied, 375 U.S. 845 (1963).

Plaintiff was given an opportunity to pay the filing fee or submit an IFP application. He has not done so nor has he requested additional time to comply with the Court's Order.

**CONCLUSION**

Based on the foregoing, the Court recommends that this matter be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 4, 2013**, as noted in the caption.

**DATED** this 10th day of September, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3